CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 5 1999

CLERK

JERRY KAME,

    Plaintiff,

v.     No. CIV-99-0778 JP/LFG

ROB PERRY, JOHN SHANKS,
JEFF SERNA, TIM LEMASTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.



1992).

The complaint alleges that Plaintiff was transferred from New Mexico to a correctional facility in Rhode Island, where, as he was in New Mexico, he remains assigned to maximum security. Because other inmates have been told he is a White supremacist, Plaintiff has been forced to assault a Black inmate in self defense. Rhode Island officials refuse to safeguard Plaintiff's well-being by segregating him from known enemies. Defendants are New Mexico corrections officials, and Plaintiff asserts his claims against them on grounds that they remain legally obligated to ensure his safety after transferring him out of state. The complaint seeks damages as well as declaratory and injunctive relief, primarily in the form of a transfer out of the Rhode Island facility.

No relief can be granted on Plaintiff's claims. First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992), *cert. denied*, 510 U.S. 830 (1993). Even if conditions at the receiving prison are much worse than those at the sending prison, the prisoner has no constitutional protection against the transfer. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.* Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See Prows*, 981 F.2d at 468 n.3; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *Cobb v. Aytch*, 472 F. Supp. 908, 920 (E.D. Pa. 1979) (rights of religious minorities not violated by transfers that were "only the results of the unfortunate events at [the original facility]"); *aff'd in part, remanded on other grounds*, 643 F.2d 946, 953 (3d Cir. 1981). No discrimination or

retaliation is alleged as a basis of the decision to transfer Plaintiff, and his claims arising from the transfer itself will be dismissed.

Because the transfer is not prohibited, the complaint fails affirmatively to link the named Defendants to the alleged deprivations. To succeed on a complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988). Plaintiff makes no such allegation here, only that Defendants failed to comply with alleged contractual or statutory obligations to ensure certain levels of housing and care for transferred inmates. These allegations do not implicate protected liberty interests, *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), as a basis of liability against New Mexico Defendants. Furthermore, a civil rights claim against a state official may not be based solely on a theory of vicarious liability for the actions of workers supervised by the official, *see Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816-817 (10th Cir. 1981), much less for the actions of corrections officials in a receiving state. Accordingly, Plaintiff's claims against Defendants will be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE